WINNIPISEOGEE LAKE COTTON AND WOOLEN MFG. CO. *v.* GILFORD.

SAME *v.* SAME.

SAME *v.* SAME.

A petition for abatement of taxes having been tried, and an order for an abatement drawn up, but not filed because of exceptions which were subsequently overruled, the order may be filed at a later term and a decree made accordingly.

PETITIONS, for abatement of taxes. Facts found by the court. A trial of nearly three days by the court, Judge Allen presiding,

was begun and concluded in November, 1890. Neither party asked for further time, or for opportunity to present further evidence. The court found that the taxable value of the plaintiffs' property was in 1887 $85,000, in 1888 $86,900, and in 1889 $85,890, and thereupon drew an order in the first case as follows : "It is therefore ordered that of the tax paid by the plaintiffs . . . there be abated the sum of $1,760.74, and that the plaintiffs recover of the defendants said sum," etc.; and drew like orders for the abatement in the second case of $1,764.90, and in the third case of $1,764.96. In March, 1891, Judge Allen gave these orders to counsel for the plaintiffs, requesting him to show them to the defendants' counsel before putting them on file. The defendants' counsel, on seeing the orders, immediately requested Judge Allen to report the facts and reserve the questions of law arising thereon. Judge Allen assented, and afterwards in the same month heard counsel on both sides but no further evidence, directed that the orders be not filed, and about June 12 filed a reserved case. At the adjourned law term, July 31, the court held that the case raised no question of law, and ordered that it be discharged.

At the September term, 1891, Judge Carpenter presiding, the plaintiffs, without presenting the orders, which were not mentioned or alluded to by either party, moved for a decree for an abatement of the sums named in the reserved case. The defendants objected, contending that Judge Allen did not find or intend to find in the reserved case that any abatement should be made, and that there was nothing on file upon which a decree for the plaintiffs could be made. The only question presented being whether Judge Allen intended to order decrees for the plaintiffs for the sums stated in the reserved case, if on the facts therein stated no legal objection appeared, the court suggested that counsel call on Judge Allen to resolve the doubt and make his purpose certain. To this they assented, and on the final call of the docket the cases were marked " Continued *nisi.*"

December 3, 1891, the plaintiffs requested Judge Allen to put the orders on file, and the defendants objected. The orders were filed December 8, 1891.

December 22, 1891, the plaintiffs moved for decrees according to the orders. The defendants objected, contending as matter of law that the orders were superseded by the reserved case, and that upon them no decree could now legally be made ; and they moved that the cases be set for trial by the court, or referred.

*E. A. & C. B. Hibbard* and *Sanborn & Hardy*, for the plaintiffs.

*Bingham & Bingham* (with whom were *Jewell & Stone* and *Samuel C. Clark*), for the defendants.

BLODGETT, J.   The defendants' contention that no decree can legally be made at this time is entirely without merit, and their

motion that the cases be set for trial by the court, or be referred, is denied.

The plaintiffs are entitled to decrees according to the orders as of the September trial term, 1891, without prejudice to subsequent cases between the parties.

*Case discharged.*

ALLEN and CARPENTER, JJ., did not sit: the others concurred.